

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 28, 2005

The Honorable Mark E. Price
San Jacinto County Criminal District Attorney
1 State Highway 150, Room 21
Coldspring, Texas 77331

Opinion No. GA-0336

Re: Whether a justice of the peace may establish a standing pool of qualified volunteers to serve for jury duty (RQ-0306-GA)

Dear Mr. Price:

You ask generally about procedures for summoning a jury for justice court, particularly whether a justice of the peace may establish a standing pool of qualified volunteers to serve for jury duty.[1]

You inform us that San Jacinto County's population is about 20,000 persons. Request Letter, *supra* note 1, at 1. The county is served by two district courts, a constitutional county court, and four justice of the peace precincts with jurisdiction over Class C misdemeanors. *See id.*; *see also* TEX. CONST. art. V, § 16. Each jury in a justice court consists of six persons. TEX. GOV'T CODE ANN. § 62.301 (Vernon 2005). You state that many of the county's citizens have not heeded justice courts' jury summonses, as illustrated by recent experience when only four of seventy-five citizens summoned for prospective jury duty responded.[2] Request Letter, *supra* note 1, at 1. You ask what alternatives a justice may utilize to guarantee sufficient numbers of citizens for jury duty.[3] *Id.* at 2. In particular, you ask about alternatives under articles 45.027 and 45.028 of the Code of Criminal

---

[1] *See* Letter from Honorable Mark E. Price, San Jacinto County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Dec. 22, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2] The difficulty of obtaining a sufficient response to jury summons is not unique to San Jacinto County. *See* Tim Eaton, *12 Fined for Jury No-show; 73 Who Didn't Appear Again May Face Fines of $1,000, Deputy Visit*, Corpus Christi Caller-Times, Feb. 28, 2004, at B1.

[3] Senate Bill 1704, passed by the Seventy-ninth Legislature and signed by the Governor, appears designed to encourage jury service. *See* Act of May 27, 2005, 79th Leg., R.S., S.B. 1704 ( to be codified at TEX. GOV'T CODE ANN. §§ 61.001, .0015, 62.0141, .0142). When Senate Bill 1704 becomes effective, it will (1) establish a minimum payment of $40 for each day of service after the juror's first day; (2) authorize a penalty for knowingly providing false information on a request for an exemption or to be excused from jury duty; and (3) authorize the clerk to grant a postponement of jury service. This Act takes effect September 1, 2005, except that the amendment to section 61.001 and the addition of section 61.0015 will take effect January 1, 2006.

Procedure and whether a standing pool of citizens qualified for jury duty could be established by advertising for volunteers "to make up for non-responses." *Id.* at 1.

The statutory provisions for summoning prospective jurors for justice courts are located primarily in chapter 62 of the Government Code and in chapter 45 of the Code of Criminal Procedure. Articles 45.027 and 45.028 of the Code of Criminal Procedure specifically concern the summoning of a jury for criminal trials in justice and municipal courts. TEX. CODE CRIM. PROC. ANN. arts. 45.027, .028 (Vernon Supp. 2004-05). Article 45.027 provides that when the accused in a justice court does not waive a jury, the justice "shall issue a writ commanding the proper officer to summon a venire from which six qualified persons shall be selected to serve as jurors in the case." *Id.* art. 45.027(a). Jurors "so summoned shall remain in attendance as jurors in all cases that may come up for hearing until discharged by the court." *Id.* art. 45.027(b). A justice may fine persons who were summoned for jury duty but who failed to attend not more than $100 for contempt. *Id.* art. 45.027(c). Under article 45.028, when "a sufficient number of jurors are not in attendance," a justice "shall order the proper officer to summon a sufficient number of qualified persons to form the jury." *Id.* art. 45.028. Chapter 45 does not specify procedures for selecting prospective jurors, although the provisions in articles 45.027 and 45.028 have been called the "pick-up" method of summoning jurors. *See Cantu v. Samples,* 581 S.W.2d 195, 196 (Tex. Civ. App.–San Antonio 1979, no writ). As this office once noted, the pick-up method has been the historic practice in justice courts:

> Since 1876 it has been the statutory duty of a justice of the peace to order the sheriff or constable to summon a number of legally qualified jurors to attend as a jury whenever there are any jury cases pending for trial. . . . The sheriff or constable is sworn to select none but impartial, sensible, and sober men having the qualifications of jurors under the law, and to do it without bias or favor toward any party.

Tex. Att'y Gen Op. No. H-1204 (1978) at 1 (citations omitted).

In 1991, however, the legislature authorized justice courts to utilize methods of jury selection available to county and district courts in chapter 62 of the Government Code, such as the jury wheel method. *See* Act of Mar. 13, 1991, 72d Leg., R.S., ch. 7, 1991 Tex. Gen. Laws 9, 9-11. The jury wheel method begins with a process known as reconstituting the jury wheel. To reconstitute a jury wheel, the names of eligible jurors are derived from voter registration lists from all precincts in the county and from a list the Department of Public Safety provides of the names of citizens of the county with a valid driver's license or personal identification card. *See* TEX. GOV'T CODE ANN. § 62.001 (Vernon 2005). At least ten days before the first day of the term of court, the district clerk and sheriff or any county constable draw names of prospective justice court jurors from the wheel in the presence and direction of the district judge. *Id.* § 62.004(a)-(b). The names are recorded "on as many lists as the judge in whose presence the names are drawn considers necessary to ensure an adequate number of jurors for the term." *Id.* § 62.004(c). This procedure may be repeated at any time during the term of court if it appears that the jury lists already drawn will be depleted before the end of the term. *Id.* § 62.004(f).

The lists are certified and placed in consecutively numbered envelopes. *Id.* § 62.006(a)-(b). The justice examines the envelopes and returns them to the clerk's office. *Id.* § 62.007(a)-(d). A justice requiring a jury for a particular week notifies the district clerk of that fact, and the clerk opens the next consecutively numbered envelope. *Id.* § 62.012(a). The clerk then delivers the list to the sheriff or constable. *Id.* § 62.012(b)(2). The sheriff or constable notifies the prospective jurors to appear for jury service either by oral or written summons. *Id.* § 62.013(a)-(b)(1)-(2). The summons must include the time, place, and purpose of the appearance, as well as the penalty for failure to appear as required. *Id.* § 62.013(d). The code provides for a penalty as follows:

> In addition to any criminal penalty prescribed by law, a person summoned for jury service who does not comply with the summons as required by law is subject to a contempt action punishable by a fine of not less than $100 nor more than $1,000.

*Id.* § 62.0141.

On the day when prospective jurors appear for service in justice court, the justice selects from the names on the jury list a sufficient number of qualified jurors to serve on the jury panel. *Id.* § 62.015(a). If the prospective jurors whose names are on the jury list are not present in sufficient numbers, the justice "shall order" the sheriff or constable to summon additional jurors. *Id.* § 62.015(b). The names of additional prospective jurors "shall be drawn from the jury wheel." *Id.*

Chapter 62 contains additional provisions for jury selection available for courts in certain counties. For example, in counties having two district courts (such as San Jacinto), the district judges may at their discretion utilize the jury wheel to establish a general interchangeable juror panel. *Id.* § 62.017. With district judge approval, the general jury panel may be used interchangeably with justice, county, and district courts. *Id.* § 62.017(e). When there is a deficiency of jurors, the district judge with control of the general panel may order additional names drawn from the jury wheel. *Id.* § 62.017(f).

Also, on recommendation of a majority of the district and criminal district judges of a county, the commissioners court may adopt a plan for jury selection by electronic or mechanical equipment instead of by jury wheel. *Id.* § 62.011(a). The plan so adopted must specify that the source of names of prospective jurors is the same as for the jury wheel method. *Id.* § 62.011(b)(2). Additionally, the plan must "provide a fair, impartial, and objective method of selecting names of persons for jury service with the aid of electronic or mechanical equipment." *Id.* § 62.011(b)(3).

In 1991, when the legislature authorized justice courts to utilize the jury wheel and other jury selection methods previously unavailable to justice courts, it left articles 45.027 and 45.028 of the Code of Criminal Procedure intact. Harmonizing chapter 62 of the Government Code and articles 45.027 and 45.028 of the Code of Criminal Procedure, we conclude that a justice court conducting a criminal trial may utilize either the appropriate jury selection method in chapter 62 of the Government Code or the pick-up method of summoning a jury in chapter 45 of the Code of Criminal Procedure. Of course, chapter 45 does not apply to jury trials in non-criminal matters. *See* TEX.

CODE CRIM. PROC. ANN. art. 45.027(a) (Vernon Supp. 2004-05) (authorizing a venire summons "[i]f the *accused* does not waive a trial by jury") (emphasis added).

You have not elaborated about how the justice's proposed volunteer juror system might work. However, any system for selecting a jury from a pool of volunteers would be incompatible with the jury wheel method in chapter 62 of the Government Code, which requires that the names of prospective jurors and supplemental jurors be drawn from the jury wheel. *See* TEX. CODE CRIM. PROC. ANN. art. 34.02(a) (Vernon 1989) (in a jury wheel county, supplemental jurors in a criminal case must be selected from the jury wheel). If the county has opted to use electronic or mechanical means of jury selection under section 62.011 of the Government Code, selection of the venire must comply with the plan adopted by the commissioners court. TEX. GOV'T CODE ANN. § 62.011(a) (Vernon 2005). The plan must "provide a fair, impartial, and objective method of selecting names of persons for jury service." *Id.* § 62.011(b)(3). The Court of Criminal Appeals has construed this language in the statute prior to codification as requiring a plan that provides a "random and impartial selection process." *Martinez v. State*, 507 S.W.2d 223, 227 (Tex. Crim. App.), *cert. denied*, 419 U.S. 969 (1974) (noting also that the district clerk must be the officer in charge of administering the plan). Although we cannot determine the issue as a matter of law, it is difficult to discern how selection of potential jurors from a pool of volunteers rather than from the county at large could be considered random.

A justice court empaneling a jury under chapter 45 of the Code of Criminal Procedure may not adopt procedures inconsistent with articles 45.027 and 45.028. TEX. CODE CRIM. PROC. ANN. arts. 45.027, .028 (Vernon Supp. 2004-05). These articles provide that the justice "issue a writ commanding the proper officer to summon a venire" and order the officer to summon additional jurors if necessary. *Id.* Articles 45.027 and 45.028 do not expressly confine the sheriff or constable's discretion to a particular process for summoning prospective jurors. *Id.* However, the pick-up jury method itself has been criticized because in practice it often "leads to the formation of groups of professional jurors who gather around the courthouse with the hope of being called for jury duty; that the sheriff selects his talesmen from these groups because of their proximity and convenience." Robert W. Stayton & Thomas N. Watkins, Jr., *The "Pick-Up" Jury*, 19 Tex. L. Rev. 142, 152 (1941). *See also Henson v. Wyrick*, 634 F.2d 1080, 1083 (8th Cir. 1980), *cert. denied*, 450 U.S. 958 (1981) (noting that many federal and "state courts have also expressed concern over the unbridled discretion of officials in the selection of bystander jurors"). Moreover, institutionalizing a volunteer system may raise constitutional concerns. Due process requires that the source of a jury "reflect a cross section of the population suitable in character and intelligence for jury duty." *Shelby v. State*, 479 S.W.2d 31, 40 (Tex. Crim. App. 1972). Although a jury list need not perfectly reflect the composition of the community, *see Swain v. Alabama*, 380 U.S. 202 (1965), nevertheless the method of jury selection must not systematically exclude a "distinctive group" of the community, resulting in under-representation in the venires. *See Pondexter v. State*, 942 S.W.2d 577, 580 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 825 (1997). While we cannot say that a system for selecting potential jurors relying on volunteers would be unconstitutional as a matter of law, such a system must guard against such a challenge.

## S U M M A R Y

Chapter 62 of the Government Code provides broadly for summoning juries for trial in a justice court. Articles 45.027 and 45.028 of the Code of Criminal Procedure additionally provide for summoning a jury for a criminal trial in a justice court. For the trial of a criminal matter, a justice court may utilize the procedures in either chapter 62 of the Government Code or articles 45.027 and 45.028 of the Code of Criminal Procedure. While articles 45.027 and 45.028 do not prohibit utilizing a pool of volunteers for empaneling a venire, such a method must guard against a due process challenge that it systematically excludes a distinctive group in the community from the venire.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee